(19 Misc. Rep. 70.)

### THORBURN v. DURRA et al.

(Supreme Court, Appellate Term, First Department. December 28, 1896.)

PLEADING—AMENDMENT—EFFECT.

In an action to foreclose a mechanic's lien, where the verified notice and the pleadings were drawn, and the trial proceeded on the theory that D. was the owner, and L. the contractor, and the lienor the subcontractor, an amendment of the complaint, charging that D. was the employer and L. a mere intermediary, introduced a new cause of action; hence, the amended complaint became a substitute for the original, and upon it the issues were determinable.

Appeal from Ninth district court.

Action by Louise H. Thorburn against David L. Durra and another. From a judgment for defendants, plaintiff appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

H. L. Toplitz, for appellant.
Andrew Blake, for respondents.

McADAM, J. The action as originally commenced was to foreclose a mechanic's lien claimed by Donald Thorburn, who assigned his lien and all moneys to be collected from it to the plaintiff. The lien was upon property on Third avenue, between Forty-Eighth and Forty-Ninth streets, this city. In the verified notice the defendant Durra is described as owner, and William Lawson as the person by whom the lienor was employed. In other words, Lawson was the contractor and the lienor subcontractor. The pleadings were drawn, and the trial proceeded upon the theory that the parties held these relations to the property and to each other; but at the close of the case the plaintiff, by leave of the court, amended her complaint, placing the right of recovery on the specific ground that Durra was the employer and Lawson a mere intermediary. This constituted a complete change of front by introducing an entirely new cause of action. The amended pleading became a substitute for the original, and upon it the issues were to be determined. 4 Wait, Prac. 690; Baylies, Code Pl. 311. The proofs did not warrant a recovery under the amended pleading, and the justice properly found in favor of the defendant. Nor could there be a personal judgment against Lawson, for by the amendment he was no longer an independent contractor, but a mere agent of Durra, the owner. The notice alleged no personal claim against Durra, and the assignment to the plaintiff

does not assume to transfer any claim against Durra, but merely the lien and the moneys to be collected thereunder. This prevents us from examining the different questions raised by the appellant in her points, all of which are based on a supposed continuance of the lien, which for all the purposes of the action seems to have been effectually waived.

The judgment must be affirmed, with costs. All concur.